**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America | ) | CR-06-00778-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| ADAN PINEDA-DOVAL, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a Motion in Limine filed by Adan Pineda-Doval (Defendant) to restrict the Government from eliciting evidence pursuant to Rule 404(b), Federal Rules of Evidence.

## BACKGROUND

The Government noticed their intent pursuant to Federal Rules of Evidence 404(b) to elicit evidence of Defendant's prior act of evading a spike strip while driving a vehicle containing illegal aliens on or about June 25, 2005 and January 17, 2006, in the vicinity of Yuma, Arizona. In the June 25, 2005 incident, Defendant was driving a vehicle containing illegal aliens when Defendant evaded the placement of spike strips by law enforcement officers to stop Defendant's vehicle. In the January 17, 2006 incident Defendant was apprehended on suspicion of illegal entry into the United States but was not prosecuted for any charges regarding that incident. Defendant filed this Motion in Limine to restrict the Government from eliciting evidence from these incidents.

**STANDARD OF REVIEW**

Rule 404(b) provides that evidence of prior crimes, acts or wrongs is not admissible to prove the character of an accused in order to show action in conformity with that character. *U.S. v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). Rule 404(b) allows the admission of prior conduct for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Under Rule 404(b), the admissibility of evidence depends on whether: (1) sufficient evidence exist for the [fact finder] to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other charged acts must be similar to the offense charged. *American Home Assur. Co. v. American President Lines, Ltd.*, 44 F.3d 774 (9th Cir. 1994). In addition to these requirements, an analyze of the evidence pursuant to Rule 403 must determine whether its probative value outweighs its prejudicial. *Arambula-Ruiz*, 987 F.2d at 602. Prior acts "need not be similar to the act charged as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Ramirez-Jiminez*, 967 F.2d 1321 (9th Cir. 1992).

**DISCUSSION**

Defendant argues that the Government has not specified the specific facts it intends to elicit or why they are reliable and relevant. Defendant further argues that the June 25, 2005 is not probative of any elements of any crimes charged against Defendant. The Government, in its response to Defendant's motion, intends to offer into evidence of Defendant's June 25, 2005 and January 17, 2006 apprehension to prove several material issues in the case.

To satisfy whether there is sufficient evidence that Defendant committed the prior act, the Government, in its Addendum to its Motion in Limine, provided an investigative report of the June 25, 2005 and January 17, 2006 apprehension of the Defendant. The June 25, 2005 investigative report provided that the Defendant was the driver of a vehicle containing illegal aliens in the vicinity of Yuma, Arizona. The January 17, 2006 investigative report further provided that the Defendant was in a vehicle containing illegal aliens in the vicinity of Yuma,

1    Arizona.  The Government contends that both incidents will assist in proving material issues
2    in this case.  Such material issues are that Defendant had a common plan to evade apprehension
3    by swerving to avoid spike strips, Defendant's familiarity with the Border Patrol's use of spike
4    strips, his knowledge of smuggling routes through the border  near Yuma, Arizona, his
5    knowledge of or his reckless disregard of his passengers' status as illegal aliens, and that
6    Defendant's knowledge of the use of spike strips leads to the foreseeability of the risk of harm
7    to the passengers in the course of smuggling them into the United States.  The Government
8    further contends that taking the above material issues together, they are relevant in identifying
9    Defendant as the driver of the vehicle.  Furthermore, Defendant's prior apprehension occurred
10   on June 25, 2005, and Defendant's current charge was filed on August 8, 2006.  This prior
11   apprehension is not too remote in time.  *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.
12   1989) (The Ninth Circuit does not evaluate remoteness according to a rigid rule; rather,
13   remoteness depends on the distance in time, the theory of admissibility, and the similarity of the
14   acts).  The Government intends to use the prior acts to prove the element of knowledge rather
15   than intent regarding the Defendant.  Here the Government states prior acts "need not be similar
16   to the act charged as long as the prior act was one which would tend to make the existence of
17   the defendant's knowledge more probable that it would be without the evidence." *United States*
18   *v. Ramirez-Jiminez*, 967 F.2d 1321 (9th Cir. 1992).

19         This Court finds that the probative value of the evidence outweighs its prejudicial effect.
20   The evidence is probative of Defendant's knowledge or reckless disregard of his passengers'
21   status as illegal aliens, his familiarity with spike strips and plan to avoid apprehension by
22   swerving around them, his knowledge of smuggling routes through the border area near Yuma,
23   Arizona, and his identity as the driver of the Suburban at the time of the collision.  Limiting
24   instructions to the jury will further reduce the prejudicial effect of the evidence.
25   ///
26   ///
27   ///
28   ///

**CONCLUSION**

**IT IS ORDERED** that Defendant's Motion in Limine Re: Rule 404 (b) FRE (Doc. No. 50) is hereby denied.

DATED this 24th day of September, 2007.

Stephen M. McNamee
United States District Judge