**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | No. CR 06-778-PHX-SMM |
|                                  ) | |
| Plaintiff,          ) | **ORDER** |
|                                  ) | |
| vs.                              ) | |
|                                  ) | |
| Adan Pineda-Doval,               ) | |
|                                  ) | |
| Defendant.          ) | |
|                                  ) | |

Pending before the Court is the Motion to Suppress Evidence Obtained in Violation of Defendant's Fourth Amendment Rights. (Dkt. 52).

## BACKGROUND

On August 7, 2006, at approximately 6:30 a.m., Border Patrol Agent Cory Lindsey ("Lindsey") observed an older, dirty, white Chevrolet Suburban ("SUV") travel past him in a remote area outside of Yuma, Arizona. The road the SUV was traveling on is largely unpaved and is primarily used as a route for smuggling illegal aliens. Lindsey observed two female passengers seated beside the driver in the front of the vehicle and multiple passengers in the back. The SUV did not have any rear seats.

Lindsey began to follow the SUV and called in for helicopter assistance. The driver of the SUV braked frequently, but did not stop the vehicle. The occupants of the vehicle began to visually taunt the agent, and one gestured to Lindsey with his middle finger. The passengers in the back also kicked out the rear windows, shattering glass in the path of

1   Lindsey's patrol vehicle. In requesting a license plate check, Lindsey was informed that the
2   license plate on the back of the SUV belonged to a 2006 Chevrolet Suburban.

3   Lindsey then sought ground assistance from other Border Patrol Agents. These agents
4   set up road stop sticks at a prearranged location. The location was on a straight portion of
5   a paved road with wide shoulders. Approximately two miles prior to reaching the location
6   of the stop sticks, Lindsey activated the lights and siren on his patrol vehicle to signal
7   Defendant to pull over. However, Defendant refused to stop the SUV.

8   Lindsey notified the other agents of Defendant's failure to pull over and the agents
9   deployed the sticks. Upon arriving at the sticks, Defendant swerved, ultimately driving off
10  the road and causing the SUV to roll over once. Nine adults and one unborn child died as
11  a result of the accident.

12  Defendant has filed a motion to suppress evidence collected at the scene of the
13  accident, alleging that it was obtained in violation of his Fourth Amendment right against
14  unreasonable seizures without probable cause..

## STANDARD OF REVIEW

16  "The Fourth Amendment permits limited investigatory stops where there is some
17  reasonable, articulable, and objective manifestation that the person seized is, or is about to
18  be, engaged in criminal activities." *United States v. Smith*, 217 F.3d 746, 749 (9th Cir.
19  2000); *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) (reiterating the
20  right of police officers and other state agents to stop a vehicle based on reasonable
21  suspicion). However, the Fourth Amendment provides persons with a right against
22  unreasonable seizures absent probable cause. U.S. CONST. amend IV. "Probable cause exists
23  when under the totality of circumstances known to the arresting officers, a prudent person
24  would have concluded that there was a fair probability that the defendant had committed a
25  crime." *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002) (internal quotation
26  omitted). Under the exclusionary rule, courts *may* suppress evidence obtained without
27  probable cause and in violation of the Fourth Amendment in limited circumstances. *Hudson*

1  *v. Michigan*, 126 S. Ct. 2159, 2163–64 (2006) (holding that the rule is not applied merely
2  because a violation occurred).

## DISCUSSION

The question before the Court is whether the seizure of Defendant's vehicle was effected in violation of the Fourth Amendment, such that the Court should suppress the evidence obtained as a result of the seizure. The Court finds that the Border Patrol agents had probable cause to effectuate a seizure of Defendant's vehicle. Thus, the Court orders that Defendant's motion to suppress the evidence is denied.

### I.     Reasonable Suspicion Under the Fourth Amendment

In cases of suspected smuggling, the requisite "reasonable suspicion" requires that the officer is "aware of specific articulable facts, together with rational inferences from those facts that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." *Brignoni-Ponce*, 422 U.S. at 884; *see United States v. Manzo-Jurado*, 457 F.3d 928, 935 (9th Cir. 2006) ("Although an officer . . . may rely in part on factors composing a broad profile, he must also observe additional information that winnows the broad profile into an objective and particularized suspicion of the person to be stopped.").

Courts consider several factors in ascertaining whether reasonable suspicion exists, and will evaluate the evidence given the totality of the circumstances. *Brignoni-Ponce*, 422 U.S. at 884–85. Some of the specific factors include the characteristics of the area, the proximity to the border, the officer's previous experience with alien traffic, the type of vehicle involved, and the amount of passengers in the vehicle. *Id.*; *Manzo-Jurado*, 457 F.3d at 936 ("Officers' suspicion or awareness that a particular location or route is used predominantly for illegal purposes—including illegal immigration—is strong support for a finding of reasonable suspicion."). The question of whether the officer possessed reasonable suspicion to justify the stop will be evaluated at the moment the seizure was effected. *Smith*, 217 F.3d at 749; *United States v. Santamaria-Hernandez*, 968 F.2d 980, 983 (9th Cir. 1992) ("The determination whether agents have founded suspicion to justify a stop may take into

account all of the events that occur up to the time of physical apprehension of a suspect who flees.").

In the case at bar, there is ample evidence to conclude that Agent Lindsey had reasonable suspicion to justify stopping the SUV. It is undisputed that the SUV was close to the border and was traveling on a route used primarily for smuggling illegal aliens. There were many observable passengers in the SUV, several of whom acted suspiciously and unlawfully in plain view of Lindsey. Based on Lindsey's experience, the act of constantly applying the brakes on the SUV was consistent with smugglers who typically slow down to look for an area to pull over and escape. The vehicle itself did not have any rear seats and displayed a license plate that was not issued to it. In evaluating the totality of the circumstances, the Court finds that Lindsey had reasonable suspicion to stop the SUV.

## II. Suppression of Evidence from Seizure: Exclusionary Rule vs. Probable Cause

Defendant also contends that the agents used excessive force without probable cause to effectuate a seizure of the SUV. The United States Supreme Court recently reiterated the general rule that a seizure is effectuated when an officer takes affirmative action to physically stop a suspect's vehicle. *Scott v. Harris*, 127 S. Ct. 1769 (U.S. 2007). However, using force to bring about a seizure and apprehend a suspect is not presumptively unreasonable or excessive. *See id.* (finding that the officer was justified in bumping the suspect's car in order to terminate the chase even though it caused the suspect permanent injury). Rather, courts will look to whether the officer's actions were objectively reasonable. *Id.* Further, the use of road devices has specifically been upheld as a valid method of stopping a vehicle when probable cause was present. *United States v. Hernandez-Garcia*, 284 F.3d 1135 (9th Cir. 2002).

In the factually-similar case of *Hernandez-Garcia*, 284 F.3d 1135 (9th Cir. 2002), the defendant was suspected of transporting illegal aliens. The agent following the defendant

- 4 -

1 requested that a spike mat be deployed.[1] *Id.* at 1137. As the subject van approached the spike mat, the agent activated her lights, signaling for the defendant to pull over. *Id.* The defendant unsuccessfully attempted to avoid the mat, catching the van's tire on one of the spikes. *Id.* At trial, the defendant moved to suppress the evidence obtained under the theory that the use of the spike mat constituted excessive force. *Id.* The Ninth Circuit Court of Appeals concluded that the vehicle stop was distinct from a civil claim based on an alleged unreasonable use of force, and found no reason to exclude the evidence solely based on the use of the mat. *Id.* at 1140. Rather, the existence of probable cause to believe that evidence of a crime would be found was a decisive factor in determining that the seizure was permissible. *Id.*; *see also United States v. Alverez-Tejeda*, 491 F.3d 1013, 1016–17 (9th Cir. 2007). *Hernandez-Garcia* provides guidance for this Court's decision that the exclusionary rule does not apply to the evidence at issue in Defendant's motion.

In the present case, the Court finds that Agent Lindsey possessed probable cause to believe evidence of a crime would be found upon stopping the SUV. Specifically, based on the aforementioned facts, combined with Defendant's refusal to pull off the road for two miles after Lindsey activated his siren, probable cause existed to effectuate a seizure of Defendant's vehicle. The stop sticks were also placed in a location that minimized any potential danger to Defendant and other travelers. Consequently, the Border Patrol agents' actions were proper, and were not unreasonable or excessive. Thus, the exclusionary rule may not be applied to suppress evidence obtained as a result of the seizure.

## CONCLUSION

Because the Court finds that probable cause existed to seize Defendant's vehicle, it does not need to address the Government's argument that the evidence was abandoned by Defendant following the accident.

---

[1] Spike strips and mats are older versions of the stop sticks that were used by agents in the present case. Stop sticks are designed to be safer and more effective than the previous strips and mats.

Accordingly,

**IT IS ORDERED** that the Motion to Suppress Evidence Obtained in Violation of Defendant's Fourth Amendment Rights is **DENIED**.

DATED this 24th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge