**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America | ) | CR-06-00778-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| ADAN PINEDA-DOVAL, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a Motion to Suppress Statements Obtained in Violation of Defendant's Fifth Amendment Right and a Motion to Suppress Statements Obtained in Violation of Defendant's Fifth and Sixth Amendment Rights filed by Adan Pineda-Doval (Defendant). After reviewing the briefs and conducting an evidentiary hearing, the Court enters the following ruling.

## BACKGROUND

On August 7, 2006 Defendant was riding in a vehicle containing 21 suspected illegal aliens which was then involved in a roll over accident outside the city limits of Yuma, Arizona. Defendant was taken to the Yuma Regional Medical Center (YRMC) at around 9:00 a.m. where he was observed to have suffered a bump on his head and injury to his back and pelvis areas. Defendant's neurologic assessment found that he was alert and oriented, he had the ability to move all of his extremities, and his sensory functions were intact. X-Rays revealed that Defendant had no fractures or broken bones in any part of Defendant's chest, Cervical Spine,

Lumbosacral Spine and Pelvic area.  Defendant was released to border patrol custody at around

2:14 p.m.  Defendant was taken to the Yuma Border Station for questioning from both the U.S.

Immigration and Customs Enforcement and the U.S. Border Patrol agencies.  Defendant claims

he was still in shock and suffering from injuries caused by the rollover accident at the time of

the interview.  Defendant has had experience with U.S. immigration law by having been found

in the United States without appropriate documents in the past and prosecuted for illegal entry.

In his motion, the Defendant claims that his Miranda rights were read to him in a very

quick and perfunctory manner by a Spanish speaking Border Patrol agent, Jaime Ramirez.  In

response, the Government claims that Agent Ramirez, in the presence of Agent Larry Hamm,

explained Defendant's Miranda rights to Defendant in the Spanish language by reading from

an I-214 government form.  Defendant signed the Government's I-214 form acknowledging that

he was voluntarily waiving his rights.  Agent Hamm also signed the I-214 form acknowledging

that he witnessed that the Defendant was read his Miranda rights and was now voluntarily

waving those rights.  Defendant then made incriminating statements.  The Government claims

that during the interview Defendant did not request an attorney or invoke his right to remain

silent and did not complain that he was in pain or suffering from any medical ailment.  The

Government further states that none of the interviewing agents wore official uniforms or

displayed large guns or other indicia of governmental authority.  Defendant claims that he did

not understand his Miranda rights and that the interrogation began without Ramirez assuring

that Defendant understood his rights.

On August 8, 2006 Defendant made an initial appearance before U.S. Magistrate Judge

Jay Irwin after his arrest regarding a complaint filed in the U.S. Magistrate Court in Yuma

alleging one count of a violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii), transportation of illegal

aliens.  Defendant then requested appointed counsel to represent him regarding the charge of

transportation of illegal aliens filed against him.  On August 16, 2006 Yuma County Sheriff's

investigators, Sigfriedo Casillas and Richard L. Meraz, obtained a search warrant signed by

Yuma Superior Court Judge, Richard Donato, to obtain oral swabs and hair samples from

Defendant.  On August 18, 2006, the two Yuma County Sheriff's investigators contacted

Defendant at the Corrections Corporation of America in Florence, Arizona where Defendant was ordered by the U.S. Magistrate to be temporarily detained pending further proceedings. After executing the Superior Court's search warrant by obtaining the samples from Defendant, the two investigators read Defendant his Miranda rights and began questioning Defendant about the rollover accident.  Defendant then made several incriminating statements.

## STANDARD OF REVIEW

Where a defendant seeks to suppress a statement under *Miranda*, the government bears the burden of establishing by a preponderance of the evidence that the statement was not the product of custodial interrogation conducted in the absence of Miranda warnings. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).  Miranda rights may be waived, however, such waiver must be voluntary and accomplished in a knowing and intelligent manner. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  In determining whether a waiver was valid the totality of the circumstances surrounding the interrogation must be examined. *Id.* at 421.  Where a defendant challenges the voluntariness of a statement under the Due Process Clause of the Fifth Amendment, "the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The right to counsel attaches at the initiation of adversarial proceedings, including pre-indictment preliminary hearings. *Kirby v. Illinois*, 406 U.S. 682, 689 (1972), *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970).  Once the Sixth Amendment right to counsel has attached for a particular charge, any subsequent waiver during a police initiated custodial interrogation is invalid. *Michigan v. Jackson*, 475 U.S. 625, 636 (1986).

## DISCUSSION

Statements obtained by the Government on August 7, 2006 were not obtained in violation *Miranda* or Defendant's Fifth Amendment rights.  A defendant may waive his Miranda rights if the waiver is made voluntarily, knowingly and intelligently. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  This analysis requires that the right must have been voluntarily made absent intimidation, coercion, or deception and that the waiver was made with full awareness of both the nature of the right being abandoned and the consequences of the

decision to abandon it. *Id.* at 421. Only if the totality of the circumstances regarding the interrogation reveal both the voluntariness and the proper level of comprehension may a court properly conclude that Miranda rights have been waived. *Id.*

After a review of the evidentiary hearing, the Court finds that the circumstances surrounding the August 7, 2006 interrogation demonstrates that Defendant waived his Miranda rights voluntarily, knowingly and intelligently without intimidation, coercion or deception. There is absolutely no evidence to support the Defendant's claim that the sight of several agents may have intimidated or coerced him into waiving his Miranda rights. Moreover, the Defendant has been advised of his Miranda warnings on prior occasions and he is quite aware of the procedure. This factor further supports the Court's finding that he understood his rights.

The Government contends that Defendant's second Motion to Suppress Statements Obtained in Violation of Defendant's Fifth and Sixth Amendment Rights regarding the August 18, 2006 interrogation is moot because the Government has no intention of offering those statements obtained by the Yuma County Sheriff's investigators in its case-in-chief. Therefore this Court agrees with the Government and finds this second motion moot.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Suppress Statements Obtained in Violation of Defendant's Fifth Amendment Rights (Doc. No. 53) is hereby denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements Obtained in Violation of Defendant's Fifth and Sixth Amendment Rights (Doc. No. 54) is hereby denied.

DATED this 24th day of September, 2007.

Stephen M. McNamee
United States District Judge